**CV-09 3440**

CROWELL & MORING LLP
Timothy J. Fierst (TF:3247)
Attorneys for Plaintiff
590 Madison Avenue, 20th Floor
New York, New York 10022
(212) 895-4200

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 07 2009 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
ISLANDWIDE FOOD SERVICE, INC.,

                     Plaintiffs,

                - against -

SINGH HOSPITALITY GROUP, INC. in its individual
corporate capacity and d/b/a SINGLETONS SEAFOOD
SHACK, H.R. SINGLETONS GRILL & BAR,
WOODLANDS AT THE GREENS and WATER'S
EDGE RESTAURANT, SRB CONVENTION AND
CATERING CORP. d/b/a THE WOODLANDS, RBS
RESTAURANT, INC. d/b/a RUBY'S FAMOUS BBQ,
BRS RESTAURANT, INC. d/b/a THOM THOM STEAK
& SUSHI, H&R CONVENTION & CATERING CORP.
d/b/a POCO LOCO, and HARENDRA SINGH,
Individually and in any corporate capacity, RUBY
SINGH, Individually and in any corporate capacity, JAY
JEDEJA, Individually and in any corporate capacity,

                     Defendant.

-------------------------------------------------------------------- X

Case No.

COMPLAINT

**FEUERSTEIN, S**

**LINDSAY, M**

       Plaintiff, Islandwide Food Service, Inc. ("Islandwide" or "Plaintiff") brings this action against defendants Singh Hospitality Group, Inc. in its individual corporate capacity and d/b/a Singletons Seafood Shack, H.R. Singletons Grill & Bar, Woodlands at the Greens and Water's Edge Restaurant, SRB Convention and Catering Corp. d/b/a The Woodlands, RBS Restaurant, Inc. d/b/a Ruby's Famous BBQ, BRS Restaurant, Inc. d/b/a Thom Thom Steak & Sushi, H&R Convention & Catering Corp. d/b/a Poco Loco, Harendra Singh, Individually and in any

corporate capacity, Ruby Singh, Individually and in any corporate capacity and Jay Jedeja, Individually and in any corporate capacity (collectively, the "Defendants") for damages and other relief, and alleges as follows:

## I. Jurisdiction

1. Subject-matter jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act ("PACA"), specifically 7 U.S.C. § 499e, and pursuant to 28 U.S.C. § 1331.

2. This Court has personal jurisdiction over the Defendants since the Defendants regularly conduct or transact business within the Eastern District of New York, and the alleged activities of the Defendants occurred within this District.

3. The Court has supplemental jurisdiction over the Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a).

## II. Venue

4. Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District.

## III. Parties

5. Plaintiff is a New York corporation that does business as with offices located at 228 Carroll Avenue, Ronkonkoma, New York 11779, and operates its business under a valid USDA-issued PACA license, in good and active standing.

6. Plaintiff sells wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

7. Defendant Singh Hospitality Group, Inc. in its individual corporate capacity ("Singh") is a New York corporation with an office located at 150 Hicksville Road, Bethpage, New York and, upon information and belief, is the owner and operator of the Defendants.

8. Defendant Singh d/b/a Singleton's Seafood Shack ("Singleton's") operates its principal place of business at 1 Ocean Parkway, Jones Beach, Massapequa, New York and is owned and operated by Singh.

9. Defendant Singh d/b/a HR Singletons Grill & Bar ("HR") operates its principal place of business at 150 Hicksville Road, Bethpage, New York and is owned and operated by Singh.

10. Defendant Singh d/b/a Woodlands at the Greens ("Greens") operates its principal place of business at 1 Altessa Blvd., Melville, New York and is owned and operated by Singh.

11. Defendant Singh d/b/a Water's Edge Restaurant ("Water's Edge") operates its principal place of business at 40-01 44th Drive, Long Island City, New York and is owned and operated by Singh.

12. Defendant SRB Convention and Catering Corp. d/b/a the Woodlands (the "Woodlands") is, upon information and belief, a New York corporation with a principal place of business located at 1 Southwoods Road, Woodbury, New York and is owned and operated by Singh.

13. Defendant RBS Restaurant, Inc. d/b/a Ruby's Famous BBQ ("Rubys") is, upon information and belief, a New York corporation with a principal place of business located at 2367 Hempstead Turnpike, East Meadow, New York and is owned and operated by Singh.

14. Defendant BRS Restaurant, Inc. d/b/a Thom Thom Steak & Sushi ("Thom Thom") is, upon information and belief, a New York corporation with a principal place of business located at 3340 Park Avenue, Wantagh, New York and is owned and operated by Singh.

15. Defendant H&R Convention & Catering Corp. d/b/a Poco Loco ("Poco Loco") is, upon information and belief, a New York corporation with a principal place of business located at 1431 Old Northern Blvd., Roslyn, New York and is owned and operated by Singh.

16. Singleton's, HR, Greens, Water's Edge, The Woodlands, Ruby's, Thom Thom and Poco Loco are, upon information a belief, purchasers of Produce in wholesale quantities and are "dealers" pursuant to § 499a(b)(6) of PACA.

17. Defendant Harendra Singh individually or in his corporate capacity ("Harendra") is or was an officer, director, partner, owner and/or shareholder of the Defendants during the relevant time period. Harendara is or was a person in control of, and responsible for, the disposition of the Defendants' assets, including their PACA trust assets. Harendra maintains his principal place of business at 150 Hicksville Road, Bethpage, New York.

18. Defendant Ruby Singh individually or in his corporate capacity ("Ruby") is or was an officer, director, partner, owner and/or shareholder of the Defendants during the relevant time period. Ruby is or was a person in control of, and responsible for, the disposition of the Defendants' assets, including their PACA trust assets. Ruby maintains his principal place of business at 150 Hicksville Road, Bethpage, New York.

19. Defendant Jay Jedeja individually or in his corporate capacity ("Jay") is or was an officer, director, partner, owner and/or shareholder of the Defendants during the relevant time period. Jay is or was a person in control of, and responsible for, the disposition of the

4

Defendants' assets, including their PACA trust assets. Jay maintains his principal place of business at 150 Hicksville Road, Bethpage, New York.

### IV. Claims for Relief

### COUNT I
### Failure to Maintain PACA Trust
### 7 U.S.C. §§ 499e(c)(2), 499e(c)(4)

20.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 19 as if fully set forth herein.

21.     At Singh's request, for the period from May 26, 2009 through and including July 29, 2009, Plaintiff sold on credit to Singh and Singleton's, perishable agricultural commodities for which the amount of $9,303.39 remains unpaid and due and owing to the Plaintiff.

22.     At Singh's request, for the period from April 23, 2009 through and including June 30, 2009, Plaintiff sold on credit to Singh and HR, perishable agricultural commodities for which the amount of $20,325.24 remains unpaid and due and owing to the Plaintiff.

23.     At Singh's request, for the period from March 27, 2009 through and including June 24, 2009, Plaintiff sold on credit to Singh and Greens, perishable agricultural commodities for which the amount of $5,974.66 remains unpaid and due and owing to the Plaintiff.

24.     At Singh's request, for the period from April 23, 2009 through and including June 6, 2009, Plaintiff sold on credit to Singh and Water's Edge, perishable agricultural commodities for which the amount of $7,090.14 remains unpaid and due and owing to the Plaintiff.

25.     At Singh's request, for the period from May 1, 2009 through and including June 27, 2009, Plaintiff sold on credit to Singh and Woodlands, perishable agricultural commodities for which the amount of $15,092.34 remains unpaid and due and owing to the Plaintiff.

26. At Singh's request, for the period from April 24, 2009 through and including July 2, 2009, Plaintiff sold on credit to Singh and Ruby's, perishable agricultural commodities for which the amount of $6,725.75 remains unpaid and due and owing to the Plaintiff.

27. At Singh's request, for the period from July 2, 2009 through and including July 11, 2009, Plaintiff sold on credit to Singh and Thom Thom, perishable agricultural commodities for which the amount of $12,597.49 remains unpaid and due and owing to the Plaintiff.

28. At Singh's request, for the period from April 29, 2009 through and including June 24, 2009, Plaintiff sold on credit to Singh and Poco Loco, perishable agricultural commodities for which the amount of $4,901.58 remains unpaid and due and owing to the Plaintiff.

29. Plaintiff duly delivered the perishable agricultural commodities to the Defendants.

30. The Defendants received and accepted the perishable agricultural commodities from the Plaintiff and Singh has admitted the default in the payments of amounts due.

31. The Defendants received from Plaintiff various invoices and monthly statements setting forth the amounts due and payable for the Produce.

32. The Defendants failed to pay for the Produce in full despite repeated demands from the Plaintiff.

33. Pursuant to the payment terms between the Defendants and Plaintiff, the Defendants are in default with respect to the principal amounts due and outstanding from each Defendant to the Plaintiff.

34. Pursuant to the trust provisions of PACA, 7 U.S.C. § 499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of the Plaintiff as to all commodities received by the Defendants, all inventories of

6

food or other products derived from said commodities, and the proceeds from the sale of such commodities until <u>full</u> payment is made for said commodities by the Defendants to the Plaintiff.

35. The Defendants have failed and refused to pay for the commodities it received and accepted from the Plaintiff, despite due demand.

36. On each of the outstanding invoices sent by the Plaintiff to Defendants, the Plaintiff, as PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust pursuant to 7 U.S.C. §499e(c)(4), plus interest and attorneys' fees.

37. The Plaintiff is an unpaid creditor, supplier and seller of perishable agricultural commodities as those terms are defined under the PACA.

38. Upon information and belief, Defendants have dissipated and is continuing to dissipate the corpus of the statutory trust which arose in favor of the Plaintiff and grew upon each delivery to the Defendants of perishable agricultural commodities.

39. The failure of the Defendants to hold in trust for the benefit of the Plaintiff such perishable agricultural commodities received by it from the Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds form the sale of such commodities until full payment of the sums owing to the Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct result the Plaintiff has suffered damages.

## COUNT II

### Dissipation of Trust Assets
### 7 U.S.C. §§ 499b(4), 499e(c)(2), 499e(c)(4)
### (Against the Defendants Jointly and Severally)

40.     The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 39 as if set forth fully herein.

41.     Upon information and belief, proceeds obtained from the resale of the perishable agricultural commodities purchased on credit from the Plaintiff by Defendants, that were needed to make full payment promptly to trust beneficiaries as required by U.S.C. § 499e(c)(2), were improperly expended by Defendants for other purposes.

42.     On each of the outstanding invoices sent by the Plaintiff to Defendants, the Plaintiff, as PACA licensees, placed the exact language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust pursuant to 7 U.S.C. § 499e(c)(4), plus interest and attorneys' fees.

43.     Upon information and belief, Defendants received funds subject to the trust arising under 7 U.S.C. § 499e(c), which should have been used to pay the Plaintiff's outstanding invoices, but were not.

44.     As a direct result of the dissipation of trust assets by the Defendants, the Plaintiff has suffered damages.

## COUNT III

### Failure to Pay Trust Funds
### 7 U.S.C. §§ 499b(4)
### (Against Singh, Singleton's, HR, Greens, Water's Edge, Woodlands, Ruby's, Thom Thom and Poco Loco)

45.     The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 44 as if set forth fully herein.

46.     Singh, Singleton's, HR, Greens, Water's Edge, Woodlands, Ruby's, Thom Thom and Poco Loco have failed and refused to pay Plaintiff the amounts due and owing to Plaintiff from the PACA trust, which sums are unpaid and overdue to Plaintiff for the perishable agricultural commodities received and accepted by them from Plaintiff.

47.     The failure of Singh, Singleton's, HR, Greens, Water's Edge, Woodlands, Ruby's, Thom Thom and Poco Loco to make said payments to the Plaintiff from the statutory trust fund is a violation of PACA 7 U.S.C. § 499b and PACA Regulations and is in breach of their fiduciary duty as trustee, and, as a direct result, the Plaintiff has suffered damages.

## COUNT IV

### Breach of Fiduciary Duty / Non-Dischargeability
### 7 U.S.C. §§ 499b(4), 11 U.S.C. 523(a)
### (Against the Defendants)

48.     The Plaintiffs incorporates each and every allegation set forth in paragraphs 1 through 47 as if set forth fully herein.

49.     Upon information and belief, Harendra, Ruby and Jay, at all relevant times, managed, controlled and directed the credit purchase of perishable agricultural commodities from the Plaintiff on behalf of the Defendants.

9

50. Upon information and belief, Defendants received, in the regular course of business, funds subject to the PACA statutory trust which were not used for the payment of the outstanding invoices to the Plaintiff.

51. Upon information and belief, Defendants, in breach of their fiduciary obligations rising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to the Plaintiff as required by PACA, 7 U.S.C. § 499b(4), thereby heightening liability herein to a state of non-dischargeability pursuant to 11 U.S.C. § 523(a).

52. As a direct result of the foregoing, the Defendants have violated their fiduciary duty as trustee in failing and refusing to make the payments required to satisfy the priority trust interests of the Plaintiff, and, as a direct result, the Plaintiff has suffered damages.

## COUNT V

### Breach of Contract / Action on Account
(Against Singh, Singleton's, HR, Greens, Water's Edge, Woodlands, Ruby's, Thom Thom and Poco Loco )

53. The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 52 as if set forth fully herein.

54. At various times as indicated herein, Singh, Singleton's, HR, Greens, Water's Edge, Woodlands, Ruby's, Thom Thom and Poco Loco contracted with the Plaintiff to purchase fresh fruits and vegetables on credit.

55. Pursuant to the payment terms between the Plaintiff and Singh, Singleton's, HR, Greens, Water's Edge, Woodlands, Ruby's, Thom Thom and Poco Loco, said defendants are in default to the Plaintiff on the amounts unpaid and outstanding.

56. Singh and Singleton breached the contract by failing and refusing to pay Plaintiff the sum of $9,303.39. As a direct result, Plaintiff has suffered damages.

57. Singh and HR breached the contract by failing and refusing to pay Plaintiff the sum of $20,325.24. As a direct result, Plaintiff has suffered damages.

58. Singh and Greens breached the contract by failing and refusing to pay Plaintiff the sum of $5,974.66. As a direct result, Plaintiff has suffered damages.

59. Singh and Water's Edge breached the contract by failing and refusing to pay Plaintiff the sum of $7,090.14. As a direct result, Plaintiff has suffered damages.

60. Singh and Woodlands breached the contract by failing and refusing to pay Plaintiff the sum of $15,092.34. As a direct result, Plaintiff has suffered damages.

61. Singh and Ruby's breached the contract by failing and refusing to pay Plaintiff the sum of $6,725.75. As a direct result, Plaintiff has suffered damages.

62. Singh and Thom Thom breached the contract by failing and refusing to pay Plaintiff the sum of $12,597.49. As a direct result, Plaintiff has suffered damages.

63. Singh and Poco Loco breached the contract by failing and refusing to pay Plaintiff the sum of $4,901.58. As a direct result, Plaintiff has suffered damages.

## COUNT VI

### Interest and Attorney's Fees
### (Against the Defendants Jointly and Severally)

64. The Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 63 as if set forth fully herein.

65. Pursuant to PACA, 7 U.S.C. § 499e(c), and the Regulations promulgated thereunder, Defendants were statutorily required to maintain a trust in favor of the Plaintiff in order to make full payment to Plaintiff for the amounts outstanding, due and owing.

66. As a result of the failure of Defendants to maintain the trust and to make full payment promptly, the Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust res.

67. As a result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, the Plaintiff has lost the use of said money.

68. The Plaintiff will not receive full payment as required by PACA, 7 U.S.C. § 499e(c), if the Plaintiff must expend part of said payment on attorneys' fees, and litigation costs, and also suffer the loss of interest on the outstanding amounts owed, all because of violations by Defendants of its statutory duties to maintain the trust and make full payment promptly.

69. In addition to the above recitals, the Plaintiff maintains express claims for interest and attorneys' fees based upon the terms listed on each invoice, as between merchants, which were all bargained terms of the contract and are sums owing in connection with the produce transaction.

## COUNT VII

### Creation of Common Fund
**(Against the Defendants Jointly and Severally)**

70. The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 69 as if set forth fully herein.

71. The Plaintiff is commencing this lawsuit on behalf of itself and other similarly situated PACA trust creditors, and any and all monies recovered from Defendants and other third parties will be distributed on a pro-rata basis among the Plaintiffs and all perfected PACA trust creditors joined to this lawsuit.

## **PRAYER**

**WHEREFORE**, the Plaintiffs pray that this Court issue an Order:

1. Granting judgment in favor of Plaintiff and against Singh, Singleton's, Harendra, Ruby and Jay, jointly and severally, in the principal amount of $9,303.39, together with pre-judgment interest and post-judgment interest, attorneys' fees and the costs of this action;

2. Granting judgment in favor of Plaintiff and against Singh, HR, Harendra, Ruby and Jay, jointly and severally, in the principal amount of $20,325.24, together with pre-judgment interest and post-judgment interest, attorneys' fees and the costs of this action;

3. Granting judgment in favor of Plaintiff and against Singh, Greens, Harendra, Ruby and Jay, jointly and severally, in the principal amount of $5,974.66, together with pre-judgment interest and post-judgment interest, attorneys' fees and the costs of this action;

4. Granting judgment in favor of Plaintiff and against Singh, Water's Edge, Harendra, Ruby and Jay, jointly and severally, in the principal amount of $7,090.14, together with pre-judgment interest and post-judgment interest, attorneys' fees and the costs of this action;

5. Granting judgment in favor of Plaintiff and against Singh, Woodlands, Harendra, Ruby and Jay, jointly and severally, in the principal amount of $15,092.34, together with pre-judgment interest and post-judgment interest, attorneys' fees and the costs of this action;

6. Granting judgment in favor of Plaintiff and against Singh, Ruby's, Harendra, Ruby and Jay, jointly and severally, in the principal amount of $6,725.75, together with pre-judgment interest and post-judgment interest, attorneys' fees and the costs of this action;

7.     Granting judgment in favor of Plaintiff and against Singh, Thom Thom, Harendra, Ruby and Jay, jointly and severally, in the principal amount of $12,597.49, together with pre-judgment interest and post-judgment interest, attorneys' fees and the costs of this action;

8.     Granting judgment in favor of Plaintiff and against Singh, Poco Loco, Harendra, Ruby and Jay, jointly and severally, in the principal amount of $4,901.58, together with pre-judgment interest and post-judgment interest, attorneys' fees and the costs of this action;

9.     Declaring and directing the Defendants to establish and/or preserve a trust fund consisting of funds sufficient to pay Plaintiff its principal trust claim of $9,303.39 against Singleton's, $20,325.24 against HR, $5,974.66 against Greens, $7,090.14 against Water's Edge, $15,092.34 against Woodlands, $6,725.75 against Ruby's, $12,597.49 against Thom Thom and $4,901.58 against Poco Loco plus pre-judgment interest, attorneys' fees and costs;

10.    Preliminarily enjoining, until the entry of the relief herein requested and compliance therewith, the Defendants and their agents, employees and representatives from, in any way, directly or indirectly, transferring, assigning or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

11.    Declaring and directing the Defendants to disgorge, assign, transfer, deliver and turn over to the Plaintiff as much of the above-described trust fund as is necessary to fully compensate to the Plaintiff for the damages they have suffered and continue to suffer;

12.    Granting the Plaintiff reasonable costs and expenses, including attorneys' fees in this action; and

13.     Such other and further relief, whether in law or in equity, as this Court deems just and proper.

Dated: New York, New York
       August 6, 2009

Respectfully submitted,

CROWELL & MORING LLP
Attorneys for Plaintiff

By: _____
Timothy J. Fierst (TF:3247)
590 Madison Avenue, 20th Floor
New York, New York  10022
(212) 895-4200

15